### H. L. MACKEY v. GEORGE W. McALPIN CO.

CONVERSION OF CHATTEL BY SECOND MORTGAGE.

The taking possession and holding of a piano by a second mortgage, to the exclusion of a prior mortgagee, is a conversion of such property.

[For other cases in point, see 2 Cyc. Dig., "Conversion," § 27.—Ed.]

ERROR to Hamilton common pleas court.

**Phares, Gusweiler & Rosenberg**, for plaintiff in error.

**D. D. Woodmansee**, for defendant in error.

**SWING, J.**

This action [H. L. Mackey, doing business as the Cincinnati Mortgage Loan Company, v. the George W. McAlpin Company] comes into this court on error to the judgment of the court of common pleas. In that court, the George W. McAlpin Company brought suit against the plaintiff in error for the sum of $272, being the alleged value of a certain piano, which the said George W. McAlpin Company claim was their property, and which was wrongfully converted by the said plaintiff in error. In that court the case was tried to the court without the intervention of a jury, and the court rendered judgment in favor of the plaintiff in error for the full amount claimed.

The principal error relied upon by plaintiff in error in this court is, that the judgment of the court was not sustained by sufficient evidence. In the case of *Balt. & O. Ry.* v. *O'Donnel*, 49 Ohio St. 489 [32 N. E. Rep. 476; 21 L. R. A. 117; 34 Am. St. Rep. 579], the following statement is made in the second proposition of the syllabus:

"Any wrongful exercise of dominion over chattels in exclusion of the rights of the owner, or withholding of them from his possession under a claim inconsistent with his rights, constitutes a conversion."

The evidence in this case shows that the McAlpin Company had a mortgage on the property for the amount claimed. It also shows that the plaintiff in error had a mortgage on the property in the sum of $34.50; that the mortgage of the McAlpin Company was prior in date to the mortgage of the plaintiff in error. One Mr. Berry was a general owner of the piano, having purchased the same from the George W. McAlpin Company, and said Berry had possession of the property. He moved out of the building in which he resided and in which he had

the piano, leaving the piano, without notifying either the McAlpin Company or the plaintiff in error. Thereupon plaintiff in error took possession of the piano and removed the same from the building, and stored the same with one Pagels. It fairly appears from the evidence that at the time plaintiff in error took possession of the property, he had no personal knowledge of the prior lien of the McAlpin Company, but shortly after he took possession of the piano, he was informed by the attorney of the McAlpin Company that the McAlpin Company had a prior lien; that the mortgage was on record.

Some time after this, the McAlpin Company made demands on plaintiff in error for the property, with which demand plaintiff in error refused to comply. He not only refused to comply with the demand for the return of the property but also refused to inform the McAlpin Company where the piano was. More than a month after the piano was taken possession of, the McAlpin Company brought this suit as for a conversion.

It seems to us that these facts clearly bring the case within the rule of law as announced in the case above referred to. While the evidence does not disclose that at the time the plaintiff in error took possession of the property, there was any intention to assert any dominion over the property to the exclusion of the McAlpin Company, yet such really was the fact, because the McAlpin Company had the prior claim to the property, and it seems to us that if plaintiff in error intended to disavow its taking upon the discovery of the fact, even if he was not chargeable by the facts as disclosed in the record, it was incumbent upon the plaintiff in error to have disavowed the claim and to have tendered to the McAlpin Company the piano. But instead of doing this, he still persisted in exercising dominion over the property in defiance of the claim of the McAlpin Company, and thereafter the McAlpin Company were justified in treating the act as one of conversion as far as they were concerned.

Judgment will therefore be affirmed.

**Jelke** and **Swing, JJ.,** concur.